UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR DANIEL AMADOR ANDRADE (A# 203-477-853),<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | No. 1:26-cv-02936-DC-SCR (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 14) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 18, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 14.) On August 25, 2026, Respondents objected to the findings and recommendations "[f]or the reasons set forth in Respondents' previous briefing." (Doc. No. 15.) On September 29, 2026, Petitioner filed a Reply to Respondents' objections in which he: (1) asserts that Respondents' objections failed to rebut the findings and recommendations, and (2) agrees with the findings and recommendations but argues that release would be the more appropriate remedy rather than the recommendation of a bond hearing. (Doc. No. 16.) Having considered the parties' arguments, and in light of recent

decisions by this court and others addressing similar arguments, the court agrees with Petitioner that release is the proper remedy. *See Arias Diaz v. Warden of Cent. Valley Annex Det. Facility*, No. 1:26-cv-07971-DC-AC, 2026 WL 3060528, at *1 (E.D. Cal. Oct. 13, 2026) ("As numerous courts within the Ninth Circuit, including this court, have found, due process requires a pre-deprivation bond hearing even where a noncitizen is allegedly detained by immigration authorities in relation to criminal charges."); *Yi Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933, at *2 (E.D. Cal. Oct. 5, 2026) (finding that release was appropriate for noncitizen detained without pre-deprivation bond hearing where the government "provide[d] the court with no argument as to how [the petitioner's criminal history] has any bearing on this case or the government's act of detaining Petitioner" pursuant to § 1226(a)); *Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (ordering immediate release for the petitioner where the respondents made no argument as to the implications, if any, of the petitioner's alleged arrest on criminal charges). The undersigned is unpersuaded that Petitioner's DUI conviction in June 25, 2025—which the criminal justice system managed through criminal proceedings resulting in a 365-day jail sentence—is a sufficient basis to explain why Petitioner was not entitled to due process before his immigration detention. (*See* Doc. No. 7 at 2).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis, and will adopt the findings and recommendations in part.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 18, 2026 (Doc. No. 14) are ADOPTED IN PART;
2. Petitioner Cesar Daniel Amador Andrade's (A-203-477-853) petition for a writ of habeas corpus (Doc. No. 1), is GRANTED:
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to

his detention in December 2025. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 20, 2026**

Dena Coggins
United States District Judge